IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

LESLIE MARTIN, individually
and as parent and next of kin of
WILLIAM BIBBS, deceased,

    Plaintiff,

vs.      No. 2:12-cv-02057-STA-cgc

CENTERBRIDGE PARTNERS, L.P.,
DL-DW HOLDINGS, L.L.C.,
HVM, L.L.C., ESH/TN PROPERTIES,
L.L.C., ESA P PORTFOLIO, L.L.C.,
ESA P PORTFOLIO MD TRUST,
and ESA P PORTFOLIO OPERATING
LESSEE, INC., all individually and
collectively d/b/a EXTENDED STAY
HOTELS,

    Defendants.

---

**PLAINTIFF'S MEMORANDUM OF FACTS AND AUTHORITIES
IN OPPOSITION TO SECOND MOTION FOR PROTECTIVE ORDER
OF CENTERBRIDGE PARTNERS, L.P., DL-DW HOLDINGS, L.L.C.,
HVM, L.L.C., ESH/TN PROPERTIES, L.L.C., ESA P PORTFOLIO, L.L.C.,
ESA P PORTFOLIO MD TRUST,
AND ESA P PORTFOLIO OPERATING LESSEE, INC.**

---

**COMES NOW** the Plaintiff and hereby submits her Memorandum of Facts and Authorities in Opposition to Second Motion for Protective Order of Centerbridge Partners, L.P., DL-DW Holdings, L.L.C., HVM, L.L.C., ESH/TN Properties, L.L.C., ESA P Portfolio, L.L.C., ESA P Portfolio MD Trust and ESA P Portfolio Operating Lessee, Inc. and respectfully states:

1

## BACKGROUND

Plaintiff's 17 year old son, William Bibbs, was murdered in the lobby of the Extended Stay America Hotel located at 6520 Mt. Moriah Road, Memphis, Tennessee on December 18, 2010. Plaintiff submits that the proof will show that this hotel is located in an area of high criminal activity and that numerous criminal acts had occurred on, and in the immediate vicinity of, Defendants' hotel on and prior to the date that Plaintiff's son was murdered such as to place Defendants on notice of a foreseeable risk of harm to persons lawfully upon its premises. Plaintiff believes that the proof will further show that in response to this known and foreseeable risk of harm Defendants provided virtually no security whatsoever and as a consequence thereof Plaintiff's minor son was murdered at the hands of a criminal who was staying at Defendants' hotel along with other criminal friends, all of whom were drunk, creating disturbances and committing armed robberies at Defendants' hotel on the very night leading up to Plaintiff's son being murdered.

Plaintiff filed this lawsuit in the state Circuit Court in Memphis. On January 25, 2012 Defendants had Plaintiff's lawsuit removed to this Honorable Court. At the time the lawsuit was filed, Plaintiff and her attorney erroneously assumed that the name of the legal entity was Extended Stay Hotels d/b/a Extended Stay America Hotels, but it was later determined through discovery that this was only a trade name. Your Honor will see from the Answer that was originally filed in this matter on behalf of the Defendants that, instead of an Answer being filed on behalf of Extended Stay Hotels d/b/a Extended Stay America Hotels, it was filed in the name of ESA P Portfolio Operating Lessee, Inc. (Document 4). In spite of the fact that Defendant, on its own volition, filed an Answer in the name of ESA P Portfolio Operating Lessee, Inc., it now

2

makes the incredulous assertion that ESA P Portfolio Operating Lessee, Inc. should be dismissed with prejudice from this litigation supposedly on the basis that Plaintiff did not obtain permission to add it as a Defendant herein and it is using this totally untrue and frivolous assertion in an attempt to quash Plaintiff's discovery directed to not only ESA P Portfolio Operating Lessee, Inc. but the other Defendants properly added to this litigation by virtue of Magistrate Judge Claxton's Order entered in this cause on June 18, 2012 (Document 16).

For reasons most likely unknown to anyone other than the corporate owners and their corporate attorneys, the corporate ownership of this hotel chain is comprised of layer upon layer of corporate entities, none of which, other than the actual owners, have any employees, any functions nor even a business address from which they would send or receive mail. The actual owners of the business are Centerbridge Partners, L.P., Paulson & Co., Inc., and The Blackstone Group, all of which are investor groups doing business in New York. These corporate owners have set up layers of empty shell corporate entities in the chain of title to the ownership of this business. None of these other corporate entities have even one single employee nor do they conduct any operations. The only other Defendant herein which has any employees and which has any operative function is Defendant, HVM, L.L.C. HVM, L.L.C. is a separate corporate entity which has a contract for the management of Defendants' hotels.

### DEFENDANTS' CONTENTION THAT PLAINTIFF DID NOT OBTAIN PERMISSION FROM THE COURT TO FILE HER AMENDED COMPLAINT

Contrary to Defendants' assertion, on May 21, 2012 Plaintiff filed her Motion to Extend Deadline for Joining Parties and Amending Pleadings, or in the Alternative, for Permission to

3

Amend Pleadings to Add Additional Parties (Document 13). The last two paragraphs of Plaintiff's motion contained the following prayers for relief:

> WHEREFORE, Plaintiff moves this Honorable Court to extend the deadline set forth in the Scheduling Order for joining parties and amending pleadings and for such other and further relief as to which Plaintiff is entitled.
>
> In the alternative, if this Honorable Court is not inclined to extend the deadline for Plaintiff to amend its pleadings and join parties, Plaintiff moves this Honorable Court for permission to add Centerbridge Partners, DL-DW Holdings, LLC, HVM, LLC, ESA P Portfolio, LLC, ESA P Portfolio MD Trust and ESH/TN Properties, LLC as additional party Defendants in this matter as owners/operators of the hotel in question. All other allegations would remain the same.

On June 18, 2012, the Honorable Magistrate Judge Charmiane G. Claxton, entered a Text Order (Document 16) granting Plaintiff's motion which stated:

> **Full docket text for Document 16:**
> ORDER granting [13] Motion to Extend Deadline. Plaintiff shall have up to and including forty-five (45) days from the date of entry of this Order in which to amend her pleadings to add additional parties." ***TEXT ORDER ONLY***
> Signed by Magistrate Judge Charmiane G. Claxton on 6/18/2012. (Claxton, Charmiane)

On July 17, 2012, within 45 days of Magistrate Claxton's order, Plaintiff filed her Amended Complaint (Document 17) adding the parties who had been identified in Plaintiff's motion.

Instead of reading and taking into consideration the plain language of Magistrate Claxton's Order stating "Plaintiff shall have up to and including forty-five (45) days from the date of entry of this Order in which to amend her pleadings to add additional parties," Defendants frivolously assert that all Magistrate Claxton did was agree to extend the deadline for joining parties and amending pleadings by virtue of the abbreviated first sentence of Magistrate Claxton's Order stating "ORDER granting [13] Motion to Extend Deadline." Using the twisted

4

logic of Defendants' frivolous argument would mean that Magistrate Claxton did not grant either of the alternative motions since the first sentence did not state the full title of either of the alternative motions.

It is clear from Magistrate Claxton's Order that Plaintiff had 45 days from the date of her Order to amend her pleadings to add additional parties and that is precisely what Plaintiff did. It is also clear that in order to grant Plaintiff permission to add the additional parties this would necessarily mean that the deadline for amending pleadings and adding additional parties would have to be extended, as the deadline for doing so set forth in the Scheduling Order (Document 7) was May 21, 2012 and Magistrate Claxton's Order was not entered until June 18, 2012. This assertion by Defendants is frivolous and was undertaken solely to delay and attempt to avoid Plaintiff's discovery directed to these newly named Defendants, as will be discussed hereinbelow.

### DEFENDANTS' CONTENTION THAT PLAINTIFF'S F.R.C.P. 30(b)(6) NOTICES TO TAKE THE DEPOSITIONS OF THE CORPORATE REPRESENTATIVES OF THE DEFENDANT ENTITIES DID NOT PROVIDE THESE DEFENDANTS WITH 30 DAYS NOTICE TO PRODUCE THE DOCUMENTATION REQUESTED

On page 4 of their Memorandum, Defendants assert that Plaintiff's deposition notices requesting production of documents directed to the corporate representatives of Defendants pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure did not allow 30 days for the production of the documentation as required by Rule 34. This assertion is incorrect, however, as the requests for documentation contained within the Rule 30(b)(6) notices were a combined collaboration of (1) requests that were contained within Plaintiff's First Request for Production of Documents submitted on April 17, 2012 which were the subject of Plaintiff's first Motion to

Compel Discovery; (2) the requests contained within the Notice to Take Deposition of HVM, L.L.C.'s Area Operations Manager, Erick Jefferson, for which Mr. Jefferson appeared for his deposition and produced the requested documentation on September 18, 2012; and (3) the requests submitted to these Defendants in Plaintiff's Requests for Production of Documents which were submitted to and received by defense counsel on August 22, 2012 (see Documents 46 through 52).

As Your Honor will also see from the exhibits herein submitted, Defendants' refusal to respond to any of Plaintiff's discovery has nothing whatsoever to do with whether or not they received 30 days notice in respect to the Request for Production of Documents that was contained within the Rule 30(b)(6) Notices to Take Depositions. Instead, Defendants are refusing to respond to any discovery, Interrogatories, Requests for Production of Documents or Notices to Take Depositions. The Rule 30(b)(6) Notices to Take Depositions were submitted to Defendants on September 6, 2012 and far more than 30 days have passed since that time and yet these Defendants are still refusing to produce their corporate representatives for depositions and produce the documentation that was requested in those notices on September 6, 2012.

### DEFENDANTS' CONTENTION REGARDING THE DEPOSITION NOTICE DIRECTED TO THE CORPORATE REPRESENTATIVE OF DEFENDANT, CENTERBRIDGE PARTNERS, L.P.

On page 7 of its Memorandum, Defendants assert that Plaintiff's F.R.C.P. 30(b)(6) Notice to take the deposition of the corporate representative of Defendant, Centerbridge Partners, L.P., should be quashed due to the fact that this deposition was scheduled to be taken by telephone and Plaintiff had not obtained a stipulation from defense counsel nor obtained a court order to do so. Attached hereto as Exhibit 1 is a copy of the cover letter sent to defense counsel

on September 12, 2012 the last paragraph of which deals with this telephonic deposition. As Your Honor will see, Plaintiff's attorney requested the courtesy of defense counsel to simply let him know if he could not stipulate to this deposition being taken by telephone so that Plaintiff's attorney could promptly file a motion with the Court and obtain an appropriate order. Defense counsel did not respond in any form or fashion whatsoever to this request.

Defendant, Centerbridge Partners, L.P., is located in New York. It is anticipated by Plaintiff's counsel, from discovery previously submitted in this matter, that the corporate representative of Defendant, Centerbridge Partners, L.P., will claim to have very little, if any, documentation requested in the notice. From discovery thus far obtained in this matter, it appears that this hotel had virtually no security whatsoever for the safety of its customers and did very little, if anything, to analyze criminal acts taking place on its own premises and in the immediate vicinity of its premises to assess the need for security on this hotel property. It was thus anticipated that very little information and/or documentation was going to be gleaned from the corporate representative of Defendant, Centerbridge Partners, L.P., in the deposition. As Your Honor is well aware, New York is a very long way from Memphis and it would be a long drive and/or expensive flight for Plaintiff's counsel to travel to take the deposition of this corporate representative. By scheduling this as a telephone deposition, Plaintiff's counsel was not doing anything other than what would be considered normal routine in respect to this type of deposition. Nevertheless, if defense counsel needed for Plaintiff's attorney to file a motion to obtain permission to do so, all he had to do was let Plaintiff's counsel know and this would have been promptly done. Instead, Defendants' counsel sat silent and only now complains about the deposition being taken by telephone.

## SANCTIONS

Plaintiff respectfully submits that Defendants are doing everything within their power, and that of their counsel, to prolong and add to the expense of this litigation to delay and/or totally avoid Plaintiff's discovery. Plaintiff has already had to file one motion to compel discovery which was granted in part, but nevertheless Defendants have still not totally complied with Magistrate Judge Claxton's Order. None of these Defendants have filed their F.R.C.P. 26(a)(1) Initial Disclosures and have not requested or obtained an extension of time to do so. Other than HVM, L.L.C., ESH/TN Properties, L.L.C., and ESA P Portfolio, L.L.C., Defendants have not filed their F.R.C.P. 7.1 Disclosure, nor have they requested or obtained an extension of time to do so. Defendants have not responded to Plaintiff's Interrogatories and Requests for Production of Documents submitted to defense counsel on August 22, 2012 nor have they requested or obtained an extension of time to do so. Defendants did not present their corporate representatives for depositions as properly noticed by Plaintiff's counsel even though they did not have an Order from this Honorable Court excusing them from doing so. Instead of filing their Motion for Protective Order upon receipt of Plaintiff's Deposition Notices on September 6, 2012 (Documents 62 through 71) so as to obtain a ruling from this Honorable Court before the scheduled depositions, Defendants waited until September 17, 2012, to file their Motion thereby giving the Court no opportunity to even consider the requested relief prior to the dates scheduled for the depositions, September 24 and 27, 2012.

Defendants' arrogant and overbearing refusal to comply with Plaintiff's discovery has no justification whatsoever. A Motion for Protective Order does not automatically stay the

discovery that is the subject of the motion. *Creative Solutions Group, Inc. v. Pentzer Corp.*, 199 F.R.D. 443, 444 (D. Mass. 2001).

As Your Honor has seen, Defendants' excuse for not doing all of these things that they should have done is their totally false and frivolous assertion that Plaintiff did not request and obtain permission of this Honorable Court to add these Defendants to this litigation.

The discovery cut-off as set forth in the Scheduling Order (Document 7) is November 30, 2012 and Defendants, by their false and frivolous Motions to Dismiss and Motions for Protective Order, have totally depleted, abused and denied Plaintiff the opportunity to obtain discovery by this cut-off date. Rules 26(c)(2) and (3) of the Federal Rules of Civil Procedure state:

**Rule 26 – Duty to Disclose; General Provisions Governing Discovery**

    **(c)**    **Protective Orders.**

        (2) *Ordering Discovery.* If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

        (3) *Awarding Expenses.* Rule 37(a)(5) applies to the award of expenses.

Rule 37(a)(5)(B) states:

**Rule 37 – Failure to Make Disclosures or to Cooperate in Discovery; Sanctions**

    **(a)**    **Motion for an Order Compelling Disclosure or Discovery.**

        (5) *Payment of Expenses; Protective Orders.*

        (B) *If the Motion is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require

the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

WHEREFORE, premises considered, Plaintiff prays judgment of this Honorable Court to deny Defendants' Second Motion For Protective Order; to order Defendants to promptly fully and properly answer Plaintiff's Interrogatories; to promptly fully and properly respond to Plaintiff's Requests For Production of Documents and to produce the requested documentation within their possession and/or control; to promptly produce their corporate representatives for their depositions pursuant to Plaintiff's F.R.C.P 30(b)(6) Notices; and to make an appropriate award of her reasonable expenses incurred in opposing Defendants' motions, including attorney fees, and for such other and further relief as to which Plaintiff is entitled. Plaintiff further requests that, since Defendants' have put Plaintiff's counsel to so much time and expense in responding to their frivolous motions and further that their hotel at which Plaintiff's son was murdered is in Memphis, they be ordered to produce their corporate representatives at the office of Plaintiff's counsel for their F.R.C.P. 30(b)(6) depositions.

Respectfully submitted,

/s/ Joseph Michael Cook
JOSEPH MICHAEL COOK        (6385)
Attorney for Plaintiff
7692 Poplar Pike
Germantown, Tennessee 38138
Phone: (901) 753-5898
Fax: (901) 753-5829
e-mail: jmclaw1@aol.com

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2012 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

    Warren D. McWhirter, Esq.
    9032 Stone Walk Place
    Germantown, TN 38138

                                  /s/ Joseph Michael Cook